[Civ. No. 11002. First Appellate District, Division Two.—June 29, 1939.]

THOMAS G. ROCHE, Appellant, v. THE POLICE COMMISSION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

J. Joseph Sullivan and John Francis O'Dea for Appellant.

John J. O'Toole, City Attorney, and Walter A. Dold, Chief City Attorney, for Respondents.

SPENCE, J.—This is a companion case to *Christal* v. *Police Commission,* Civil No. 11003 (*ante,* p. 564 [92 Pac. (2d) 416]), the opinion in which last-named case has been this day filed. The facts and the points raised in the two cases are similar with the exception of certain additional facts and points involved herein which will be hereinafter set forth and

discussed. No further discussion is required upon those points which were raised and disposed of in the Christal case.

After this appellant had been tried and found guilty of the charges heard by the police commission, appellant expressed his willingness to appear and testify before the grand jury. The police commission thereupon postponed to a later date the determination of the penalty to be imposed upon appellant. Appellant subsequently testified before the grand jury but was nevertheless dismissed from the police department. He thereupon instituted these proceedings in the superior court seeking to annul the action of the police commission and to compel said commission to reinstate him. The judgment of the trial court denied him the relief sought, and he has appealed from said judgment.

■ The first additional point raised by appellant is discussed under the heading "Unequal Protection of Laws". He stated that another officer, whose conduct was "identical", was returned to his duties while appellant was dismissed. He argues that "persons whose conduct has been identical and who have been charged with violation of the same regulations should enjoy the same rights and bear the same burdens". His second additional point, which is closely related, is discussed under the heading, "Imposition of Penalty Abuse of Discretion". His argument under this heading is similar to that advanced under the first mentioned heading, and he further argues that the punishment was severe for "a violation so slight".

It is sufficient answer to these additional points to state that there is nothing in the record to show that the conduct of appellant was "identical" with that of any other officer or that appellant's violation of duty was slight. In determining the penalty to be imposed in each case, the police commission no doubt considered among other things the previous record of each officer together with the attitude of such officer before the grand jury and the nature of the testimony, if any, finally given by him before the grand jury. The police commission could properly consider these and other facts in the exercise of its discretion when fixing the penalty, and such facts would necessarily differ in each case considered. There is nothing in the record to show that appellant was denied the equal protection of the law or that the commission abused its dis-

cretion in dismissing appellant. (See *Ludolph* v. *Board of Police Commrs.*, 30 Cal. App. (2d) 211 [86 Pac. (2d) 118].)

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 28, 1939.