[Civ. No. 11155. First Appellate District, Division Two.—June 29, 1939.]

ARTHUR H. DeGUIRE, Appellant, v. THE POLICE COMMISSION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Hubbard & Hubbard for Appellant.

John J. O'Toole, City Attorney, and Walter A. Dold, Chief City Attorney, for Respondents.

SPENCE, J.—This is a companion case to *Christal* v. *Police Commission*, Civil Number 11003 (*ante*, p. 564 [92 Pac. (2d)

416]), and *Roche* v. *Police Commission,* Civil Number 11002 (*ante,* p. 574 [92 Pac. (2d) 422]), the opinions in which last-named cases have been this day filed. It is submitted upon the same record as the Christal case. Appellant relies in part upon the points raised in the companion cases but as to said points, no further discussion is required.

In this case, appellant had refused to be sworn before the grand jury but, at a later date and after he had been ordered to do so by the superior court, he submitted to examination before that body. Thereafter he was tried before the police commission and was dismissed from the police department. He appeals from the judgment of the superior court which denied him any relief.

We find no headings in appellant's brief other than "Statement of Facts" and "Argument". Such headings do not show "the nature of the question to be presented or the point to be made". (Rule VIII, sec. 2, Rules for the Supreme Court and District Courts of Appeal.) The only point which appellant apparently seeks to raise, in addition to those points raised in the companion cases, is that he should not have been dismissed for his refusal to testify before the grand jury as he acted upon the advice of counsel. Appellant cites no authority to show the materiality of the fact that he acted upon the advice of counsel and we know of none. It is entirely probable that some of the officers involved in the companion cases likewise acted upon the advice of counsel but their refusal to testify nevertheless constituted a violation of their duty as police officers and conduct unbecoming police officers. The police commission had the power to dismiss said officers for such violation of duty, and there is nothing to show that it abused its discretion in so doing.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.